STATE OF IOWA, Appellee, v. W. H. BERRYHILL, Appellant.

No. 43717.

MARCH 16, 1937.

John H. Mitchell, Attorney General, George B. Aden, County Attorney, and Buell McCash, Special Asst. Attorney General, for appellee.

Rube McFerren, for appellant.

ANDERSON, J.—The defendant, W. H. Berryhill, was charged with the crime of taking out of the State and selling an estray animal, to wit, a steer before the legal title to said animal had vested in the defendant, contrary to section 3018 of the Code. A trial to a jury in the district court resulted in a verdict of guilty upon which the court pronounced a sentence fining the defendant $100 and costs of prosecution. The defendant has appealed.

The defendant and one Joe Engelby were farmers in Hamilton County, Iowa, and their adjoining pastures were separated by a wire fence. Engelby kept in his pasture, at the time of the happening of the events here involved, sixteen head of cattle including the steer here in question. The animal here in question in some manner escaped from Engelby's pasture and wandered into the pasture of the accused. The defendant claims that when he found the steer in his pasture he called up Engelby and another neighbor and told them that he had a steer in his pasture, that did not belong to him, and asked these neighbors if they had lost a steer. Both of them answered that they did not think so. Within two or three weeks after this the defendant shipped the steer in question to the Chicago market where it was sold and the proceeds were returned to and retained by the defendant. Shortly after this Engelby missed the steer out of his herd and called upon the defendant, Berryhill, telling him that the steer in question belonged to him and had strayed out of his pasture. Defendant admitted having the steer and shipping it to Chicago and selling it for $24.60. Engelby agreed to pay the freight and give the defendant five dollars for caring for the steer while he had it in his possession, and asked the defendant to turn over to him the balance of the sale price, and this the defendant refused to do. The record shows that the defendant failed to follow any of the provisions of the statute, Chapter 146, in reference to estray animals. The statutes define an estray animal as "Any animal unlawfully running at large the ownership of which cannot, with reasonable inquiry in the neighborhood, be ascertained,

or any animal which has been abandoned by its owner.'' The statute further provides that any resident of a county may take up an estray animal when the same is on his premises, and it is also provided that within five days after taking up an estray the person so doing shall post up for ten days a written notice in three of the most public places in the township which shall contain a full description of the animal and the time and place of taking it up; and immediately after the expiration of the ten days he shall file with the justice of the peace his affidavit which shall show the time and place of taking the estray; the time and place of posting the notices; a statement that the animal remains unclaimed, and a statement as to whether the marks or brands on the animal had been altered either before or after the estray was taken up. When this affidavit is filed the justice shall forward the same to the county auditor's office where the affidavit will be recorded in the estray book and a copy thereof posted at the front door of the courthouse, and the auditor shall cause the same to be published once each week for three weeks in some newspaper in the county. The statute further provides that the person taking up the estray shall pay the county auditor the legal fees for the performance of his official duties in regard to the procedure outlined. There is a further provision that if the estray is not claimed by the owner within six months from the time it is taken up, if the taker-up has complied with the provisions of the statute, the ownership of the property shall vest in the taker-up. There is also a further provision, section 3018 of the Code, which provides, ''If any person shall sell, trade, or take out of the state any estray before the legal title shall have vested in him, he shall forfeit to the owner double its value, and shall also be guilty of a misdemeanor.''

It is admitted by the defendant that none of the provisions of the statute relating to estrays were followed by him, and it is also admitted that within three weeks from the time he took up the animal he shipped it to Chicago and received the return thereon.

There are but two assignments of error, neither of which conform to Rule 30 of this court, but we will proceed to dispose of the appeal on its merits. The first error assigned is that the court erred in overruling defendant's motion for a new trial. The only ground for the motion for a new trial was, ''Because the court erred in instructing the jury in the particulars to

which the defendant has filed written exceptions which he hereby makes a part of this motion.'' The second error is that the court erred in giving instruction No. 7 to the jury, and in referring to instruction No. 7 in instruction No. 11. The two assignments of error involve the same question, as will be observed.

Instruction No. 7 is as follows:

''An 'estray' is defined by the statutes as any animal, such as a steer running at large, the ownership of which cannot with reasonable inquiry in the neighborhood be ascertained, or any such animal which has been abandoned by the owner.

''You will see from the foregoing that an estray is an animal, *such as the steer in question in this case,* unlawfully running at large and

'' (1) Which has been abandoned by its owner; or

'' (2) The ownership of which cannot with reasonable inquiry in the neighborhood be ascertained. The nature and extent of such inquiry in this case is not necessarily determined by what the defendant did or failed to do with respect to ascertaining who the true owner was; but it is for the jury to determine what would constitute a reasonable inquiry under the circumstances shown in the evidence, and whether or not upon such inquiry being made, that the real ownership of the animal could not be ascertained.

''If the jury finds beyond a reasonable doubt from the evidence that the steer in question was unlawfully running at large, and that a reasonable inquiry in the neighborhood would not disclose who the true owner was, or that the animal had been abandoned by its owner, then you are warranted in finding that the animal was an estray within the meaning of the statute.''

The particular objection to instruction No. 7 is as to the italicized words ''such as the steer in question in this case''. We think this objection is hypercritical, and that the instruction properly submits to the jury the definition of an estray animal. The appellant seems confounded or confused over the instruction of what constitutes an estray animal under the provisions of subdivision 4 of section 2979 of the Code, and seems to take the position that if the defendant made reasonable inquiry in the neighborhood to ascertain the ownership of the animal, that then, he was absolved from following the statute in reference to perfecting the title in himself to the estray animal. The trouble

with the defendant's position is that there are two instances under which the character as an estray can be acquired. First, where the animal is running at large and the ownership thereof cannot be ascertained with reasonable inquiry he becomes an estray and second, if such animal has been abandoned by its owner he also becomes an estray, but in either event the ultimate fact is that he is an estray, and the statute in reference to estray animals must be followed by the taker-up in order to perfect title in himself. There is no possible question in this case but what the defendant knew he had an estray animal; and also knew that he himself did not own the animal, and had not perfected title thereto in himself at the time he shipped the animal out of the state and sold the same contrary to the provisions of section 3018 of the Code. We see no escape for the defendant under this record. He was found guilty by the jury of a misdemeanor and was fined by the court $100 and costs. We are satisfied that such verdict is supported by the evidence; that the case was fully and fairly tried and submitted to the jury and, no error appearing, the judgment of the trial court must be and it is affirmed.— Affirmed.

RICHARDS, C. J., and DONEGAN, PARSONS, MITCHELL, SAGER, HAMILTON, and KINTZINGER, JJ., concur.